UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                       :

In Re Application of the United States for    :
Material Witness Warrant, Pursuant to 18 U.S.C. :
§ 3144, for Khalid Awan,                             :         19 Misc. 447 (LGS)
                                                                       :
                                     Applicant.  :             ORDER
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/29/2020

LORNA G. SCHOFIELD, District Judge:

       On October 1, 2019, Applicant Khalid Awan filed a motion to unseal the affidavit supporting his detention as a material witness pursuant to 18 U.S.C. § 3144 (the "Affidavit"). The Government does not object to unsealing a vast majority of the Affidavit but submits that certain portions must remain sealed as grand jury information pursuant to Federal Rule of Criminal Procedure 6(e)(6). The Government also requests that its submission and this Order be placed under seal pursuant to Rule 6(e). The Government is directed to submit a response to this Order no later than February 14, 2020.

I.   BACKGROUND

       After the terrorist attack in New York City on September 11, 2001, the President of the United States issued a directive to arrest and detain any person related to the attack. The Government has stated that between forty and fifty persons were detained pursuant to 18 U.S.C. § 3144, which permits the detention of persons for the purposes of ensuring that they can act as material witnesses in criminal proceedings. Applicant was detained under § 3144 soon after the attack to testify before a grand jury, which he did for approximately four hours. Applicant was prosecuted twice and served nineteen years in prison. He was then deported to Canada as he is a Canadian citizen. During this time, Applicant sought to review the Government's basis for issuing the § 3144 warrant. However, since its issuance in 2001, materials related to the warrant

have remained under seal.

## II. STANDARD

Federal Rule of Criminal Procedure 6(e)(6) provides that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6). Rule 6(e) applies to grand jury records even after the grand jury has been discharged. *See In re Grand Jury Subpoenas Dated March 2, 2015*, No. 15 Misc. 71, 2016 WL 6126392, at *5 (S.D.N.Y. Oct. 19, 2016) (noting that Rule 6(e)(6) applies to grand jury records after the Defendant has pleaded guilty and that, otherwise, "grand jury secrecy would become an ephemeral protection"). Applicant is therefore incorrect that the common law presumption of access to judicial records applies in this matter. *See In re Motions of Dow Jones & Co.*, 142 F.3d 496, 504 (D.C. Cir. 1998) ("[E]ven if there were once a common law right of access to materials of the sort at issue here, the common law has been supplanted by . . . Rule 6(e)(6)"); *accord. In re Grand Jury Subpoenas Dated March 2, 2015*, 2016 WL 6126392, at *3 (same).

To determine whether grand jury information should be disclosed, the Court undertakes a balancing test, weighing the need for secrecy against the need for disclosure. *See United States v. Ulbricht*, 858 F.3d 71, 106-07 (2d Cir. 2017), *abrogated on other grounds by Carpenter v. United States*, 138 S. Ct. 2206 (2018). "The party seeking disclosure must show a particularized need that outweighs the need for secrecy." *Id*. at 107 (quotation marks omitted). This balancing test applies even when a grand jury proceeding has concluded. *United States v. Sobotka*, 623 F.2d 764, 767 (2d Cir. 1980) ("We conclude that while the necessity here be less compelling in view of the termination of the grand jury, nonetheless some necessity need be shown by the party

seeking disclosure.").

"The proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Ulbricht*, 858 F.3d at 106 (2d Cir. 2017) (quoting *Douglas Oil Co. of California v. Petrol Stops Nw.*, 411 U.S. 211, 218 (1979)). The Second Circuit has listed the following reasons for grand jury secrecy:

> While the grand jury investigation is active, there are a variety of reasons for secrecy: (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*United States v. Moten*, 582 F.2d 654, 662 (2d Cir. 1978) (internal citation omitted); *accord Ulbricht*, 858 F.3d at 106. However, if the grand jury investigation is over, "then most of the policies underlying the need for secrecy are no longer present. Generally, the only reason that survives the conclusion of an investigation is the encouragement of disclosures by those with knowledge of crime." *Moten*, 582 F.2d at 663.

On the other side of the balance, disclosure may be warranted "to avoid a possible injustice in another judicial proceeding," *Ulbricht*, 858 F.3d at 107, or disclosure, particularly of material "ancillary" to the grand jury proceeding, may be justified when it is the basis for the arrest and detention of a material witness under § 3144. *See In re Application of U.S. for Material Witness Warrant*, 214 F. Supp. 2d 356, 363-64 (S.D.N.Y. 2002) (internal citations

3

omitted) ("While grand jury secrecy is mandated by law, the determination to jail a person pending his appearance before a grand jury is presumptively public, for no free society can long tolerate secret arrests."); *see also In re Grand Jury Witness Detention*, 271 F. Supp. 2d 1266, 1268 (D. Or. 2003) ("To withhold that information could create public perception that an unindicted member of the community has been arrested and secretly imprisoned by the government")

Here, it is not evident that this body of law even applies. The Government argues that "continued sealing and Rule 6(e) secrecy remains appropriate with respect to certain grand jury information in the Affidavit." But the information that the Government seeks to redact does not appear to be "grand jury information." For example, the Government seeks to redact the name of the FBI special agent who swore to the Affidavit, but his identity as the affiant presumably is not grand jury information. By its terms the Affidavit is not based on information from witnesses or documents disclosed to the grand jury in response to a grand jury subpoena. The affiant explicitly states that the information in the Affidavit "is based upon participation in the investigation, my conversations with other law enforcement officers, and my review of documents." The Government further states in its response to the motion to unseal that "the Government's proposed redactions include personal and/or identifying information of . . . third parties who provided information to the FBI" -- not the grand jury.

Moreover, the Government's argument for secrecy is unrelated to concerns about the grand jury; the Government argues that these third party witnesses "remain vulnerable to potential intrusions on their privacy and also could suffer reputational harm or physical dangers were their identifies to be exposed," but does not suggest that they were grand jury witnesses whose identities must be protected to safeguard the grand jury process. A perhaps more

4

fundamental flaw in the Government's argument is that none of the proposed redactions name (or even identify, except in the most general terms) any third-party witness.

Even if the proposed redactions contain "grand jury information," the grand jury proceedings at issue here took place over seventeen years ago, and the Government does not suggest the continued relevance of any of the policies articulated in *Moten,* which are designed to protect the grand jury system.

## III. CONCLUSION

If the Government continues to assert that the Affidavit contains "grand jury information," the Government shall explain to the Court *ex parte* and *in camera* as to each proposed redaction in the Affidavit, the details of what, how and when the underlying information came to the grand jury, whether the information was previously disclosed to law enforcement outside the grand jury process, how disclosure of the redacted language would compromise grand jury secrecy and the need for continued secrecy now. The Government shall make the same showing as to each of its submissions on the instant application, identifying the particular parts of each document proposed to be redacted. The Government shall file its response no later than February 14, 2020.

The Government may also seek to make a showing to keep the proposed portions of the Affidavit under seal pursuant to *Lugosch v. Pyramid Co. of Onondoga*, 435 F.3d 110, 119-20 (2d Cir. 2006), and additional Second Circuit case law articulating why the material should be given confidential treatment.

The Court of Clerk is respectfully directed to mail a copy of this Order to the Applicant.

Dated: January 29, 2020
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**