USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                               :
In Re Application of the United States for     :
Material Witness Warrant, Pursuant to 18 U.S.C. :
§ 3144, for Khalid Awan                            :          19 Misc. 447 (LGS)
                                                               :
                                               Applicant.  :          OPINION & ORDER
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       This matter involves a motion to unseal an affidavit supporting Applicant Khalid Awan's detention as a material witness pursuant to 18 U.S.C. § 3144 ("Affidavit"). The Government opposed Applicant's motion in part, contending that certain materials in the Affidavit should remain under seal as grand jury information and that Applicant had failed to meet his burden pursuant to Federal Rule of Criminal Procedure 6(e) that the materials should be disclosed.

       On January 29, 2020, the Court issued an Opinion and Order stating in sum that the Affidavit does not appear to contain grand jury information and directing the Government to submit more evidence to support its non-disclosure position:

> If the Government continues to assert that the Affidavit contains "grand jury information," the Government shall explain to the Court *ex parte* and *in camera* as to each proposed redaction in the Affidavit, the details of what, how and when the underlying information came to the grand jury, whether the information was previously disclosed to law enforcement outside the grand jury process, how disclosure of the redacted language would compromise grand jury secrecy and the need for continued secrecy now. . . .

> The Government may also seek to make a showing to keep the proposed portions of the Affidavit under seal pursuant to *Lugosch v. Pyramid Co. of Onondoga*, 435 F.3d 110, 119-20 (2d Cir. 2006), and additional Second Circuit case law articulating why the material should be given confidential treatment.

*In re United States for Material Witness Warrant*, -- F. Supp. --, No. 19 Misc. 447, 2020 WL 469625, at *3 (S.D.N.Y. Jan. 29, 2020).

The Government continues to assert that the Affidavit contains grand jury information, and has filed a motion for reconsideration of the Order to the extent that it places the burden on the Government to explain the basis for redacting any Affidavit material. Instead, the Government contends that the Affidavit is subject to grand jury secrecy under Rule 6(e) pursuant to prior court orders, and that the burden of showing particularized need for the material is therefore on Applicant. For the following reasons, the Government's motion for reconsideration is denied.

## I. BACKGROUND

The Court presumes the parties' knowledge of the facts that were stated in the January 29, 2020, Order. Additional relevant facts are as follows: The material witness warrant that granted the Government authority to arrest Applicant was issued on October 25, 2001, resulting in his arrest on or about the same day. On or about November 6, 2001, Applicant was re-arrested pursuant to a warrant in connection with a credit card fraud investigation. On November 7, 2001, the material witness warrant was vacated (the "Vacatur Order"). The Vacatur Order, which the Government has now publicly filed, states in its entirety:

> The Court was advised that [Applicant] was arrested on a complaint. Accordingly, on application by the government on November 6, 2001 the material witness warrant for Khalid Awan is vacated.
>
> This order will be filed under seal and disclosed only to the parties and the United States Marshal pursuant to Fed. R. Crim. P. 6(e).

Thirteen years later, in 2014, Applicant filed a lawsuit under the Freedom of Information Act ("FOIA"), seeking, *inter alia*, the Affidavit. *See Awan. v. United States Dep't of Justice*, 10 F. Supp. 3d 96, 100 (D.D.C. 2014) ("*Awan I*"), *order vacated in part on reconsideration*, 46 F. Supp. 3d 90, (D.D.C. 2014) ("*Awan II*"). The district court ordered the Government to submit

for *in camera* inspection the Affidavit and/or a declaration explaining the withholding of the Affidavit.  After reviewing the Affidavit *in camera* the Court found that "not only [is the Affidavit] not a grand jury document but that it contains no information tending to reveal a secret aspect of the grand jury's investigation.  The affidavit explains why the FBI's affiant 'believe[d]' that the plaintiff's testimony 'will be material to the grand jury's investigation' of the September 11 attacks, but it neither identifies a grand jury witness nor reveals any grand jury testimony." *Id*. at 108.  The Court then Ordered the Government to release the portions of the Affidavit that had been previously withheld solely on the ground that they were grand jury material. *Id*. at 111.

"Summary judgment [for the DOJ] is warranted in a FOIA case if the DOJ obtains a clarifying order stating that the seal prohibits disclosure.  This is so because the government's compliance with such an order is not an improper withholding."  *Awan II*, 46 F.Supp.3d at 92 (internal quotation marks, alteration and citation omitted).  The Government accordingly sought a clarifying order from the Southern District of New York, the court that had issued the sealing order.   In response to the Government's application, Judge Sweet issued an order on April 13, 2014 (the "Clarifying Order"), which states in its entirety:

> Upon the motion of the United States of America for an order clarifying whether the sealed application for a material witness warrant for Khalid Awan was sealed pursuant to Fed. R. Crim. P. 6(e) with the intent to prohibit the United States from disclosing the information, I have reviewed the application at issue, the order issued in the same matter by a Judge who no longer sits on this Court, as well as related materials.  Based on that review, I am of the view that the material witness warrant application in the above-captioned matter was sealed with the intent to prohibit its disclosure, pursuant to Fed. R. Crim. P. 6(e), for as long as the seal remains in effect.

The DOJ submitted the Clarifying Order to the District of Columbia court on a motion to reconsider.  That court "conclude[d] that the government's withholding of the material witness

warrant affidavit in compliance with the sealing order does not constitute an improper withholding under the FOIA," and vacated its prior disclosure order.  *Awan II*, 46 F.Supp.3d at 92.

## II.    STANDARD

"A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013); *accord In re Platinum-Beechwood Litigation*, 400 F. Supp. 3d 2, 4 (S.D.N.Y. 2019).  "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  *In re Platinum-Beechwood Litigation*, 400 F. Supp. 3d at 4 (quoting *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## III.    ANALYSIS

Applicant essentially asks to vacate the original sealing order.  On this reconsideration motion, the Government first argues that the Affidavit material is grand jury information because two federal courts "have determined that the Affidavit, in its entirety, constitutes grand jury material."  This is incorrect and overstates what occurred in both courts.  Judge Sweet in the Clarifying Order stated that the Affidavit is subject to Rule 6(e) as long as the original sealing order remains in effect.  The D.C. district court in *Awan II* relied on Judge Sweet's order to find that the Government's withholding of the affidavit was not improper because the Government

4

was bound by the original sealing order. *Awan II*, 46 F. Supp. 3d at 92. These two orders are new to the Court, as the Government did not mention them until now; but, in any event, they do not alter the Court's prior conclusion. The two orders merely reference the original sealing order (which is not before the Court) and its apparent intent to seal the material witness warrant and related materials under Rule 6(e). But neither *Awan II* nor the Clarifying Order provides any factual basis to conclude that the remaining redacted items in the Affidavit, standing alone, constitute grand jury material subject to Rule 6(e).

Second, and relatedly, the Government contends that the Affidavit should be construed as grand jury material when Rule 6(e) is given an appropriately broad construction. The January 29, 2020, Opinion and Order noted that "'[t]he proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings.'" *In re United States for Material Witness Warrant*, 2020 WL 469625, at *2 (quoting *United States v. Ulbricht*, 858 F.3d 71, 106 (2d Cir. 2017), *abrogated on other grounds by Carpenter v. United States*, 138 S. Ct. 2206 (2018)). The prior Opinion also acknowledged that it is generally appropriate to extend the non-disclosure principle to matters ancillary to grand jury proceedings. *Id*. However, when the ancillary matters were the basis for the Government to arrest and detain an individual, the prior Opinion recognized that the basis for the non-disclosure principle lessens, as there are equally strong interests in ensuring that the Government discloses for public scrutiny the evidence it relies on to arrest and detain persons. *See In re Material Witness Warrant*, 214 F. Supp. 2d at 363-64 (S.D.N.Y. 2002) ("[N]o free society can long tolerate secret arrests"); *Morrow v. District of Columbia*, 417 F.2d 728, 741-42 (D.C. Cir. 1969) ("The requirement that arrest books be open to the public is to prevent any 'secret arrests,' a concept odious to a democratic society"); *In re*

*Grand Jury Witness Documents*, 271 F. Supp. 2d 1266, 1268 (D. Or. 2003) ("To withhold that information could create public perception that an unindicted member of the community has been arrested and secretly imprisoned by the government"). This is one such scenario.

Finally, the Court agrees with the Government's argument that, if the proposed redactions contain grand jury material, then the burden is on the Applicant to show that, on balance, disclosure is warranted. For example, if the proposed redactions do contain information from informants, the disclosure of which could reveal their identities, the Government is then free to rely on the strong interest in non-disclosure "to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes." *See United States v. Moten*, 582 F.2d 654, 662 (2d Cir. 1978); *accord Ulbricht*, 858 F.3d at 106. The prior Opinion recognized the significance of this interest. *In re United States for Material Witness Warrant*, 2020 WL 469625, at *2. This and similar considerations may be raised by the Government in its *ex parte* submission showing that each proposed redaction in the Affidavit is grand jury information.

## IV.   CONCLUSION

For the foregoing reasons, the Government's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to close Docket No. 15.

SO ORDERED.
Dated: February 19, 2020
        New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

6