UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re Application of the United States for
Material Witness Warrant, Pursuant to 18
U.S.C. § 3144, for Khalid Awan,

                        Applicant.

19 Misc. 447

OPINION & ORDER

LORNA G. SCHOFIELD, United States District Judge:

      This matter involves a motion to unseal an affidavit supporting Applicant Khalid Awan's detention as a material witness pursuant to 18 U.S.C. § 3144 ("Affidavit"). The Government opposes Applicant's motion in part, contending that certain statements in the Affidavit should remain under seal as grand jury information. For the following reasons, Applicant's motion to unseal is granted in part and denied in part.

**I. BACKGROUND**

      After the terrorist attack in New York City on September 11, 2001, Applicant was detained pursuant to 18 U.S.C. § 3144, which permits the detention of persons to ensure that they can act as material witnesses in criminal proceedings. Since that time, Applicant has sought to review the Government's basis for issuing the § 3144 warrant. But that information -- the Affidavit -- has remained under seal.

      In 2014, Applicant sought to have the Affidavit disclosed pursuant to the Freedom of Information Act. *See Awan v. U.S. Dep't of Justice*, 10 F. Supp. 3d 96, 100 (D.D.C. 2014) (*Awan I*). The court in *Awan I* found that "not only [is the Affidavit] not a grand jury document but . . . it contains no information tending to reveal a secret aspect of the grand jury's investigation. "The [Affidavit] explains why the FBI's affiant 'believe[d]' that the [Applicant's] testimony 'will be material to the grand jury's investigation' of the September 11 attacks, but it neither identifies a grand jury witness nor reveals any grand jury testimony." *Id*. at 108. The

court in *Awan I* accordingly ordered the Government to release the previously withheld portions of the Affidavit. *Id*. at 111. This order, however, was vacated in part on reconsideration after the court determined that a sealing order had been issued in the Southern District of New York. *See Awan v. U.S. Dep't of Justice*, 46 F. Supp. 3d 90, 92 (D.D.C. 2014) (*Awan II*). "[T]he [G]overnment's withholding of the [Affidavit is] in compliance with the sealing order" *Awan II* stated, and "does not constitute an improper withholding under FOIA." *Id*.

Applicant then filed this action on October 1, 2019. The Government agreed to unseal some portions of the Affidavit, but reasserted that other portions are grand jury information and should remain under seal. On January 29, 2020, the court issued an Opinion and Order stating in sum that the Affidavit does not appear to contain grand jury information:

> By its terms the Affidavit is not based on information from witnesses or documents disclosed to the grand jury in response to a grand jury subpoena. The affiant explicitly states that the information in the Affidavit "is based upon participation in the investigation, my conversations with other law enforcement officers, and my review of documents." The Government further states in its response to the motion to unseal that "the Government's proposed redactions include personal and/or identifying information of . . . third parties who provided information to the FBI" -- not the grand jury.
>
> Moreover, the Government's argument for secrecy is unrelated to concerns about the grand jury; the Government argues that these third party witnesses "remain vulnerable to potential intrusions on their privacy and also could suffer reputational harm or physical dangers were their identifies to be exposed," but does not suggest that they were grand jury witnesses whose identities must be protected to safeguard the grand jury process. A perhaps more fundamental flaw in the Government's argument is that none of the proposed redactions name (or even identify, except in the most general terms) any third-party witness.
>
> Even if the proposed redactions contain "grand jury information," the grand jury proceedings at issue here took place over seventeen years ago, and the Government does not suggest the continued relevance of any of the policies [which support continued grand jury secrecy].

*In re United States for Material Witness Warrant*, 436 F. Supp. 3d. 768, 771-72 (S.D.N.Y. 2020) (*Awan III*).  Based on this determination, the court in *Awan III* directed the Government to submit more evidence to support its non-disclosure position:

> If the Government continues to assert that the Affidavit contains "grand jury information," the Government shall explain to the Court *ex parte* and *in camera* as to each proposed redaction in the Affidavit, the details of what, how and when the underlying information came to the grand jury, whether the information was previously disclosed to law enforcement outside the grand jury process, how disclosure of the redacted language would compromise grand jury secrecy and the need for continued secrecy now. . . .
>
> The Government may also seek to make a showing to keep the proposed portions of the Affidavit under seal pursuant to *Lugosch v. Pyramid Co. of Onondoga*, 435 F.3d 110, 119-20 (2d Cir. 2006), and additional Second Circuit case law articulating why the material should be given confidential treatment.

*Id*. at 772.

The Government then filed a motion for reconsideration, continuing to assert that the Affidavit contains grand jury information.  The motion argued first that two prior courts had determined that the Affidavit constitutes grand jury material, and second that *Awan III* misconstrued Federal Rule of Criminal Procedure 6(e).

On February 19, 2020, the court denied the motion for reconsideration, rejecting the assertion that two prior courts had already determined that the Affidavit constitutes grand jury material.  *See In re United States for Material Witness Warrant*, No. 19 Misc. 447, 2020 WL 814655, at *3 (S.D.N.Y. Feb. 19, 2020) (*Awan IV*).  The court in *Awan IV* then stated:

> [While] it is generally appropriate to extend the non-disclosure principle to matters ancillary to grand jury proceedings . . . when the ancillary matters were the basis for the Government to arrest and detain an individual . . . the basis for the non-disclosure principle lessens, as there are equally strong interests in ensuring that the Government discloses for public scrutiny the evidence it relies on to arrest and detain persons.

*Id.* (internal citation omitted). *Awan IV* concluded by restating that the Government may argue that each proposed redaction is grand jury information. *Id.*

On April 12, 2020, the Government filed ex parte and under seal (1) a response to the motion to unseal explaining the basis for eight proposed redactions in the Affidavit; (2) the Affidavit showing the proposed redactions and (3) a declaration. The Government also publicly filed the response and Affidavit in redacted form and the declaration with no redactions. The Government requests that its filings remain under seal, and that the court accept its proposed redactions.

## II. STANDARD

As stated above, as the Government continues to assert that the Affidavit contains grand jury information, the Government was required to provide facts showing that each proposed redaction in the Affidavit is confidential grand jury information requiring continued secrecy. *Awan III*, 436 F. Supp. 3d at 772. If the Government meets this burden, then its falls on Applicant to show that the interest in disclosure outweighs the strong presumption in favor of non-disclosure of grand jury material embodied in Federal Rule of Criminal Procedure 6(e). *See United States v. Ulbricht*, 858 F.3d 71, 106-07 (2d Cir. 2017), *abrogated on other grounds by Carpenter v. United States*, 138 S. Ct. 2206 (2018). "The party seeking disclosure must show a particularized need that outweighs the need for secrecy." *Id.* at 107 (quotation marks omitted).

Even if the Government fails to establish that the Affidavit contains grand jury information, it may seek "to keep the proposed redactions under seal pursuant to [*Lugosch*], and additional Second Circuit case law." *Awan III*, 436 F. Supp. 3d at 772. *Lugosch* defines the "common law right of public access to judicial documents," which is a principle "firmly rooted

4

in our nation's history." *Lugosch*, 435 F.3d at 119.  A document is a "judicial document" if the item is "relevant to the performance of the judicial function and useful in the judicial process." *Id*. (quotation marks omitted); *accord United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 133 (2d Cir. 2017).  If the item is a judicial document, then the court must balance "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts" against the interest in non-disclosure, which can include "the danger of impairing law enforcement or judicial efficiency" or "the privacy interests of those resisting disclosure."  *Id*. at 119-20 (quotation marks omitted); *accord Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020).

*Lugosch* also recognizes that the "public and press have a qualified First Amendment right to attend judicial proceedings and to access certain judicial documents."  *Id*. at 120 (quotation marks omitted).  This qualified right attaches when the documents "have historically been open to the press and general public [or when] public access plays a significant positive role in the functioning of the particular process in question."  *Id*. (quotation marks omitted); *accord Mirlis*, 952 F.3d at 58 n.5.  It also attaches when the "documents are derived from or are a necessary corollary of the capacity to attend the relevant proceedings."  *Id*. (quotation marks omitted); *accord Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016).

### III. ANALYSIS

The court has reviewed the redacted submissions *in camera*.  The Government proposes eight redactions in the Affidavit.  It contends that all eight redactions are grand jury information, that no qualified First Amendment right of access attaches to the material and that there is no

common law right of access to the material. The Government's application is granted in part and denied in part.

### A. Grand Jury Information

The Government has not shown that any of the eight proposed redactions is grand jury information. Accordingly, the strong presumption in favor of non-disclosure of grand jury material embodied in Rule 6(e) is inapplicable. Both *Awan I* and *Awan III* raised serious doubts that the Affidavit contains grand jury material. *See Awan I*, 10 F. Supp. 3d at 108; *Awan III*, 436 F. Supp. 3d. 771-72. *Awan IV* also explained that the basis for the non-disclosure principle lessens for matters ancillary to grand jury proceedings when those materials were the basis to arrest and detain an individual "as there are equally strong interests in ensuring that the Government discloses for public scrutiny the evidence it relies on to arrest and detain persons." *Awan IV*, 2020 WL 814655, at *3. Given this, *Awan III* and *Awan IV* directed the Government to show that the Affidavit contains grand jury information such that Rule 6(e) would apply. The court asked the Government to explain "the details of what, how and when the underlying information came to the grand jury, whether the information was previously disclosed to law enforcement outside the grand jury process, how disclosure of the redacted language would compromise grand jury secrecy and the need for continued secrecy now." *Awan III*, 436 F. Supp. 3d. at 772; *Awan IV*, 2020 WL 814655, at *1.

The Government failed to make this showing. Indeed, it does not appear that the Government even attempted to do so. The Government's response instead simply argues that the proposed redactions should remain under seal because their continued non-disclosure will ensure law enforcement safety, promote witness candor and protect witness safety and privacy. The

court does not dispute that this may be so, but this answer does not explain why or how the proposed redacted language in the Affidavit is grand jury information. In general, many documents that have no connection to grand jury proceedings may warrant non-disclosure based on these arguments. For example, a witness may be more candid with investigators even if her statements are not being used for a grand jury proceeding.

The Government has failed to show that the proposed redactions were presented to the grand jury; that they referenced witnesses who appeared before the grand jury; or that they contain information that is ancillary to a grand jury proceeding. Accordingly, the proposed redactions are not grand jury information, and the presumption in favor of non-disclosure embodied in Rule 6(e) is not applicable.

### B. Access to Judicial Documents

The Government does not dispute that the Affidavit is a judicial document for purposes of analyzing whether the common law right to access attaches. The court therefore must balance "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts" against the interest in non-disclosure, which can include "the danger of impairing law enforcement or judicial efficiency" or "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 119-20.

The interest in disclosure of this information is substantial, as it formed the basis for Applicant's arrest and "no free society can tolerate secret arrests." *In re United States Material Witness Warrant*, 214 F. Supp. 2d 356, 363-64 (S.D.N.Y. 2002); *Morrow v. District of Columbia*, 417 F.2d 728, 741-42 (D.C. Cir. 1969) ("The requirement that arrest books be open to

the public is to prevent any 'secret arrests,' a concept odious to a democratic society") (internal quotation marks omitted).

The Government's eight proposed redactions include the affiant's name, stated twice. They also include three redactions in paragraph 13 and one in paragraph 14 that contain detailed facts about witnesses that in context could reveal their identities. The privacy interest in this information is greater than the interest in disclosure. First, these redactions are narrowly tailored to protect only the identities of the affiant and the witnesses. The redactions therefore do not substantially undermine the public interest in disclosure. Second, and relatedly, identifying the affiant or the witnesses would not significantly contribute to the public interest in disclosure, as this information is not substantially relevant to understanding on what basis the Government obtained the material witness warrant. Perhaps recognizing the relative balance in favor of non-disclosure of informant identities, Applicant's motion explicitly states that he does not object to the redaction of informant names. The privacy interest in the affiant's name and the redactions in paragraphs 13 and 14 is therefore greater than the public interest in its disclosure, and this information may remain under seal.

The qualified First Amendment right to attend judicial proceedings and to access certain judicial documents does not mandate disclosure of the affiant's name and the redactions in paragraphs 13 and 14 because the Affidavit was not used in a public proceeding and there is no traditional right of public access to arrest warrant materials and proceedings, which are conducted *in camera*. *See United States v. All Funds on Deposit at Wells Fargo Bank in San Francisco, Cal., in Acct. No. 7986104185, Held in the Name of Acct. Servs. Inc., & All Prop. Traceable Thereto*, 643 F. Supp. 2d 577, 583 n.7 (S.D.N.Y. 2009) ("Public access does not play

8

a significant positive role in the functioning of warrant application proceedings"); *In re S.F. Chronicle*, No. 7 Misc. 256, 2007 WL 2782753, at *2 (E.D.N.Y. Sept. 24, 2007) ("[T]here is no traditional right of public access to search warrant materials nor is there a traditional right for the public to attend search warrant proceedings, which are conducted *ex parte*").

There is no apparent privacy interest to justify the continued non-disclosure of the remaining two proposed redactions in paragraphs 11 and 12 of the Affidavit. These two redactions state general facts that do not directly or indirectly reveal witness identities. The Government's speculative worry that the general references it seeks to redact could be combined with public information to reveal witness identities seems unfounded, and relatively weak in light of the weighty concerns about concealing information that was the basis for the Government to arrest and detain an individual. Accordingly, for these two proposed redactions in paragraphs 11 and 12, the Government has failed to rebut both the common law and First Amendment right to access judicial documents and they are required to be disclosed.

## IV. CONCLUSION

For the reasons stated herein, Applicant's motion is GRANTED in part and DENIED in part. The Government shall, within fourteen days, file the Affidavit on the docket, solely redacting affiant's name and the information that is currently redacted in paragraphs 13 and 14. The Affidavit must otherwise be fully disclosed. The Government shall also send a copy of this Opinion and the Affidavit to Applicant and provide evidence of service of this material on the docket.

The Government's request that the materials filed at Docket No. 21 in opposition to Applicant's motion remain under seal is granted.

The Clerk of Court is respectfully directed to close docket number 1. The case shall remain open until proof of service of this Opinion and the Affidavit is filed on the docket.

Dated: July 13, 2020
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**